**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1984**

---

CHOICE HOTELS INTERNATIONAL, INCORPORATED, a
Delaware Corporation,

                                        Plaintiff - Appellee,

        versus

PIUS RAJNIKANT PATEL,

                                        Defendant - Appellant,

        and

P&D INTERNATIONAL INVESTMENT, INCORPORATED;
DINESHKUMAR PATEL,

                                                Defendants.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-04-2752-8-AW)

---

Submitted:  April 11, 2007          Decided:  June 7, 2007

---

Before MOTZ, KING, and GREGORY, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Onkar N. Sharma, SHARMA LAW GROUP, Silver Spring, Maryland, for
Appellant.  Kerry S. McGeever, Silver Spring, Maryland, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pius Patel[1] appeals from the district court's order denying his motion to stay the action in favor of arbitration ("August 2005 order"), pursuant to 9 U.S.C. § 3 (2000), in this action initiated by Choice Hotels International, Inc. ("Choice"). For the reasons stated below, we vacate this order and remand the case to the district court for further proceedings.

Patel and Choice entered into a franchise agreement for the operation of a Comfort Inn hotel in Columbia, South Carolina. Choice claimed that Patel defaulted on various fees and failed to cease displaying Choice's trademarks after Choice sent notice of termination, in violation of the franchise agreement. Choice initiated this action in district court, raising several trademark-related claims and alleging breach of contract.

Patel moved to dismiss the action due to Choice's failure to submit the controversy to arbitration pursuant to the arbitration clause[2] in the franchise agreement. Simultaneously,

---

[1]Pius Patel was one of three named defendants in district court. The district court entered a default judgment against the other two defendants, P&D International Investment, Inc., and Dineshkumar Patel. Only Pius Patel has appealed from the order at issue.

[2]The arbitration clause provided that claims would "be sent to final and binding arbitration before either the American Arbitration Association or J.A.M.S./Endispute in accordance with the Commercial Arbitration Rules of the American Arbitration Association, except to the extent that those rules may be interpreted to require [Choice] to produce documents or information." Further, the arbitration clause provided that the

- 3 -

however, Patel assailed the arbitration clause, claiming it violated South Carolina law, insulated Choice from discovery, and unfairly burdened him by requiring proceedings to be held in Maryland. Nevertheless, Patel took the position that the arbitration clause "was, at least initially, enforceable." Patel contended he should present his arguments regarding the arbitration clause to the arbitrator in the first instance.[3]

Although Patel styled his pleading as a motion to dismiss for failure to submit the case to arbitration, the district court found it could not "determine that the parties entered into a valid arbitration agreement and that the dispute at hand falls within the scope of the agreement." The court denied Patel's motion ("November 2004 order"), and Patel did not appeal from that denial.

_____

arbitrator would "apply the substantive laws of Maryland, without reference to its conflict of laws provision," and arbitration proceedings would "be conducted at [Choice's] headquarters office in Maryland." The three types of claims excepted from the arbitration clause were claims against Patel for indemnification, actions for collections of money owed to Choice under the franchise agreement, and actions seeking to enjoin Patel from using Choice's trademarks.

[3]Patel analogized his case to Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 539-41 (1995), and PacifiCare Health Systems, Inc. v. Book, 538 U.S. 401 (2003). In PacifiCare, which relied heavily on Vimar, the Supreme Court declined to address whether the parties' arbitration agreements would prevent an arbitrator from awarding treble damages under an applicable federal statute. Id. at 406-07. Since the Court did not know how the arbitrator would evaluate the issue, the questions of whether the issue rendered the agreements unenforceable and whether it was for courts or arbitrators to decide enforceability in the first instance were "unusually abstract." Id. at 407. We express no opinion concerning the application of these cases to Patel's case.

- 4 -

Seven months later, Patel filed a similar motion requesting the district court stay the case in favor of arbitration. In this motion, Patel stated on three occasions that he would seek to present his arguments to the arbitrator in the first instance. Choice opposed the motion, contending the district court's denial of Patel's prior motion constituted the law of the case. The district court found Patel's motion "appear[ed] to be merely a renewal of arguments set forth" in his prior motion to dismiss. In August 2005, the court denied Patel's motion for a stay pending arbitration, and Patel appealed from this denial.

This court reviews de novo the district court's denial of Patel's motion to stay the case for arbitration. See Johnson v. Circuit City Stores, 148 F.3d 373, 377 (4th Cir. 1998). Pursuant to Glass v. Kidder, Peabody & Co., Inc., 114 F.3d 446, 453 (4th Cir. 1997), the district court conducted a substantive arbitrability inquiry in its November 2004 order, engaging in a limited review to ensure that a valid agreement to arbitrate existed and that the specific disputes fell within the substantive scope of that agreement. The district court found it was unable to determine if Patel, who assailed the arbitration clause and raised substantive defenses in his motions, sought "rigorous enforcement" of the arbitration clause.[4] See Dean Witter Reynolds, Inc. v.

_____

[4]The district court's phrasing is taken from Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985) ("The preeminent concern of Congress in passing the [Federal Arbitration] Act was to

- 5 -

Byrd, 470 U.S. 213, 221 (1985). Although it acknowledged the "liberal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), the district court stated that it could not conclude whether the dispute was arbitrable. It made the same determination in its August 2005 order.

As Choice notes, Patel failed to appeal the November 2004 order, which was immediately appealable. See 9 U.S.C. § 16(a)(1) (2000). Therefore, according to Choice, the November 2004 order became final; Choice argues Patel is bound by the district court's November 2004 finding concerning arbitrability as the law of the case. We disagree. The law of the case doctrine, "a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter," United States v. United States Smelter Refining & Min. Co., 339 U.S. 186 (1950), is inapplicable here. The November 2004 order was "appealable because Congress, notwithstanding [the order's] interlocutory character, had made it appealable." Id. at 199. Patel could have appealed the order, "but [he was] not bound to,"

---

enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate . . . ."). This court has also employed the phrase. See Glass v. Kidder Peabody & Co., Inc., 114 F.3d 446, 451 (4th Cir. 1997) ("Thus, the Act's enactment signaled a sharp and complete shift from an attitude of inveterate hostility toward arbitration agreements to one strongly favoring arbitration and encouraging the rigorous enforcement of all arbitration agreements.").

as "it requires a final judgment to sustain the application of the rule of the law of the case just as it does for the kindred rule of res judicata." Id. Accordingly, we conclude the November 2004 order does not bind Patel on the issue of arbitrability under the law of the case doctrine.

Furthermore, although we recognize Patel's confusing pleadings greatly contributed to the district court's orders denying arbitration, we vacate the court's August 2005 order. Patel maintained in district court that he was "faced with submitting [his] defenses and arguments to the arbitrator in the first instance to comply with the [a]rbitration clause." Regardless of the substantive arguments he planned on submitting to the arbitrator, he did not ask the district court to alter or void the arbitration clause in conformity with his wishes.

On appeal, Patel reiterates he seeks to submit the matter to arbitration pursuant to the arbitration clause. For its part, Choice has consistently stated, notwithstanding its challenges to Patel's arguments on appeal, that it would be willing to submit all of its claims to arbitration. In light of the "directive to resolve doubts and ambiguities in favor of arbitration," Washington Square Securities, Inc. v. Aune, 385 F.3d 432, 438 (4th Cir. 2004), we conclude arbitration would provide the best course for this

litigation, provided there exist arbitrable claims under the arbitration clause.[5]

Therefore, we vacate the district court's August 2005 order and remand to the district court for a determination of which claims, if any, are within the scope of the arbitration agreement. Enforcement of agreements to arbitrate under the Federal Arbitration Act may require piecemeal litigation, see Dean Witter Reynolds, 470 U.S. at 221, and the decision to stay the litigation of any claims or issues found to be non-arbitrable is a matter largely within the district court's discretion to control its docket. Moses H. Cone Mem'l Hosp., 460 U.S. at 20 n.23; Summer Rain v. Donning Co./Publishers, Inc., 964 F.2d 1455, 1461 (4th Cir. 1992). Therefore, we leave for the district court the question of whether to stay any non-arbitrable claims pending arbitration. See American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 97 (4th Cir. 1996).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[5]We note, without deciding, that Choice's breach of contract claim is potentially arbitrable pursuant to Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710-12 (4th Cir. 2001).